UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BECKY D. HENRY,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | **MEMORANDUM OPINION AND ORDER**<br><br>Case No. 2:10-cv-00365-DB<br><br>Honorable Dee Benson |

Becky D. Henry appeals the Commissioner of Social Security's decision denying her claim for Disability Insurance Benefits under the Social Security Act (the Act), 42 U.S.C.§§ 1381-1383c. Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court REVERSES and REMANDS the Commissioner's decision for further consideration of Ms. Henry's residual functional capacity.

## **LEGAL STANDARDS**

This Court's review is guided by the Act and is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). This Court "may neither reweigh the

evidence nor substitute [its] judgment for that of the [ALJ]." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).

## BACKGROUND

Becky D. Henry, the plaintiff, filed an application for Disability Insurance Benefits on May 5, 2005. (T. 112-115). Ms. Henry's claim was initially denied on November 28, 2005 (T. 69-72), and upon reconsideration on July 12, 2007. (T. 73-75). Ms. Henry timely requested a hearing before an Administrative Law Judge ("ALJ") on August 6, 2007. (T. 76-77).

A hearing was held on August 13, 2008, in Salt Lake City, Utah before Administrative Law Judge, Robin L. Henrie. (T. 19). The ALJ issued a decision finding Ms. Henry not disabled on December 3, 2008. (T. 7). In this decision, the ALJ acknowledged that Ms. Henry suffered from the severe impairments of fibromyalgia, peripheral neuropathy, Raynaud's Syndrome, sleep apnea, obesity, and depression. (T. 12). He included some limitations for these disorders in his residual functional capacity assessment. (T. 13). However, he failed to discuss or include any limitations for Ms. Henry's Raynaud's Syndrome. (T. 13). In addition, he failed to consider whether Ms. Henry had any limitations related to her hearing, despite evidence throughout the file that established that Ms. Henry had continuous ringing in the ears and some hearing loss.

On March 13, 2010, the Appeals Council denied Ms. Henry's request for review of the ALJ's decision. (T. 1). This Appeals Council denial was the final administrative decision of the Commissioner of Social Security in this case. *See* 20 C.F.R. § 416.1481.

## DISCUSSION

**I.     The ALJ Failed to Include All Ms. Henry's Limitations in his Residual Functional Capacity Evaluation.**

Social Security Ruling 96-8p requires that when making findings concerning the claimant's residual functional capacity ("RFC"), the ALJ must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical fact (e.g. laboratory findings) and non-medical evidence (e.g. daily activities, observations)." This assessment must be done on a function by function basis and include both exertional and nonexertional limitations for both severe and nonsevere impairments. SSR 96-8p. Finally, the RFC must include a resolution of any conflicts in the evidence. SSR 96-8p. The ALJ is also required to provide specific support with references to the record for rejection of a claimant's testimony. *McGoffin v. Barnhart*, 288 F. 3d 1248, 1254 (10th Cir. 2002). If the ALJ fails to provide the specific support then the reviewing court will remand the case for further consideration. *Id.* In this case, the ALJ failed to include any limitations for Ms. Henry's Raynaud's Syndrome or her documented ringing in the ears and hearing loss.

The ALJ failed to include any limitations for Ms. Henry's sensitivity to temperature due to her Raynaud's syndrome. (T. 13-14). This is despite the fact that the ALJ found it was a severe impairment. (T. 12). Raynaud's syndrome causes small arteries that supply blood to the skin to narrow causing limited blood circulation to the affected areas.[1] This usually happens in response to cold temperatures or stress. *Id.* At the hearing, Ms. Henry testified that she has difficulty being outside when it is cold. (T. 44). She also testified that her Raynaud's Syndrome has progressed to the point where she will even have symptoms when she is in her home. (T. 44).

The state agency consultants opined that Ms. Henry needed to avoid even moderate exposure to cold due to her Raynaud's syndrome. (T. 641). Despite this documentation

---

[1] **http://www.mayoclinic.com/health/raynauds-disease/DS00433**

throughout the file, the ALJ did not include any limitations for Ms. Henry's Raynaud's syndrome. This is an error that requires this case to be remanded for further evaluation.

In addition, the medical record established that Ms. Henry has ringing in her ears and some hearing loss. In documents filled out for Social Security, Ms. Henry noted that she has seen Dr. Stacey Hudson for ringing in her ears and hearing loss. (T. 135, 139, 166. 167, 172). She also noted in her function report that she has constant ringing in her ears. (T. 154). Ms. Henry submitted several copies of her medical history that appear throughout the file that include her hearing impairments. (T. 212, 246, 323, 792). The medical record contains more than 20 pages of notes related to her treatment for ringing in her ears and hearing loss. (T. 179-199). These notes show that Ms. Henry has a phase shift in her hearing that is expected to be permanent due to high-end frequency hearing loss. (T. 180). This hearing loss was attributed to nerve damage caused by surgery on her septum. (T. 181, 190). The ringing in the ears and hearing loss were also noted in the DDS Disability Worksheet. (175-178, 470). Other medical records also noted Ms. Henry's ringing in the ears and hearing loss. (T. 301, 339, 341, 431, 467, 690, 717). Despite the fact that the ringing in the ears and hearing loss is clearly documented throughout the record, the ALJ failed to provide any limitations in his RFC assessment or any explanation of why he was not including limitations. Even if Ms. Henry's ringing in the ears and hearing loss are not severe impairments, her residual functional capacity assessment must include all limitations whether they are caused by a severe or non-severe impairment.

Despite the fact that Ms. Henry's sensitivity to temperature, ringing in the ears, and hearing loss are well-documented throughout the file, the ALJ makes no mention of them in his RFC assessment or anywhere in his decision. This is particularly important as the limitations

that were assessed by the ALJ in this case eliminated 40 % of the available jobs. It is unclear what impact further limitations would have on an already much reduced job base. For these reasons, this case is reversed and remanded with instructions to the ALJ to evaluate Ms. Henry's RFC based on all her impairments and limitations.

## **CONCLUSION**

Having determined that the Commissioner's decision is not based on substantial evidence or free of error, the Commissioner's decision is REVERSED and REMANDED in accordance with the fourth sentence of 42 U.S.C. § 405(g), for further consideration of Ms. Henry's residual functional capacity. This must be re-evaluated to include all limitations as directed by Social Security Ruling 96-8p.

DATED this 7th day of February, 2011.

_____
Honorable Dee Benson
United States District Court Judge